UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| STEVEN R. KNISPEL,<br><br>Plaintiff,<br><br>vs.<br><br>DEB HAALAND, SECRETARY, UNITED STATES DEPARTMENT OF THE INTERIOR; ERICA D. WHITE-DUNSTON ESQ., DIRECTOR AND CHIEF DIVERSITY OFFICER, U.S. DEPARTMENT OF THE INTERIOR OFFICE OF DIVERSITY; AND STEVEN GILES, EEO DIRECTOR, BUREAU OF INDIAN AFFAIRS, U.S. DEPARTMENT OF THE INTERIOR;<br><br>Defendants. | 3:21-CV-03015-RAL<br><br><br>OPINION AND ORDER DISMISSING CERTAIN DEFENDANTS, EXTENDING TIME TO ANSWER AND PARTIALLY GRANTING MOTION FOR MORE DEFINITIVE STATEMENT |

Plaintiff Steven R. Knispel ("Knispel") filed a lawsuit against the Secretary and two other administrators of his former employer, the United States Department of Interior ("DOI") and its agency the Bureau of Indian Affairs ("BIA"), alleging that the DOI and BIA violated Title VII of the Civil Rights Act of 1964 by engaging in racial discrimination against him. Doc. 1. Knispel also alleges he was subjected to discrimination because of his disability in violation of the Rehabilitation Act of 1973.[1] Doc. 1. Defendants have responded with a motion to dismiss several

---

[1] The Court recently explained in Tomshack v. Wilkie, No. 4:20-CV-04037-RAL, 2022 WL 406075, at *5 (D.S.D. Feb. 10, 2022), how the Rehabilitation Act incorporates certain enforcement provisions of Title VII to disability discrimination claims against federal agencies and how the American with Disabilities Act ("ADA") is not applicable to claims against federal agencies, but

1

of the named defendants, a motion for a more definitive statement, and a motion for additional time to answer. Docs, 10, 11, 13. For the reasons outlined below, this Court grants Defendants' motion to dismiss certain defendants and motion for additional time to answer, and partially grants their motion for a more definitive statement.

**I. Background**

Knispel's lawsuit alleges he suffered reverse racism and discrimination as a result of a disability[2] when he was employed as a supervisory criminal investigator, GS-12, for the Office of Justice Services, Western Nevada Agency of the BIA, in Carson City, Nevada.[3] Doc. 1 at ¶¶ 1, 8. Specifically, Knispel, who is Caucasian, alleges he "experienced discrimination and harassment, because he was not a Native American working in the Bureau of Indian Affairs." Doc. 1 at ¶ 18. In addition to claims of retaliation, Knispel alleges the discrimination and harassment included "targeted investigations, downgrading of his performance reviews, transfers to unsuitable and less desirable job assignments, threat of investigations, refusal to accommodate his disability and other improper and inappropriate actions by his supervisors and other members of the Bureau at the Western Nevada Agency as well as senior management leadership and district office leadership within the Bureau of Indian Affairs, Office of Justice Service." Doc. 1 at ¶¶ 20, 21. He also claims that he was denied the customary retirement promotion and credentials despite working nearly 20 years in federal law enforcement. Doc. 1 at ¶ 22.

Knispel groups his claims into four counts: (1) disparate treatment based on race; (2) disparate treatment based on disability; (3) disparate treatment based on reprisal for his protected

---

federal courts borrow from ADA jurisprudence in evaluating Rehabilitation Act claims. See 29 § U.S.C. 794a (a)(2); 42 U.S.C. § 12111(5)(B)(i).
[2] Knispel claims to suffer from Post-Traumatic Stress Disorder. Doc. 1 at ¶ 19.
[3] Knispel currently resides in White River, South Dakota. Doc. 1 at ¶ 1.

EEO activity; and (4) constructive discharge. Doc. 1 at ¶¶ 51–90. Knispel contends there is jurisdiction under Title VII of the Civil Rights Act of 1964 for claims related to racial discrimination. Doc. 1 at ¶ 48. Knispel states that "[t]he law prohibiting discrimination based on disability is the Rehabilitation Act of 1973, as amended, 29 U.S.C. 706; 791 et seq." Doc. 1 at ¶ 49.

Knispel's complaint does not name specific individuals who allegedly harassed or discriminated against him. Instead, Knispel references alleged acts committed by "Assistant Special Agent in Charge #1," "Assistant Special Agent in Charge #2," "Assistant Special Agent in Charge #3," the "Deputy Associate Director," and "Supervisory Agent in Charge." See Doc. 1 at ¶¶ 23, 24, 25, 26, 27, 28, 29, 30, 33, 34, 36, 37, 38. Knispel also alleges that an unnamed co-worker informed Knispel that one of the criminal investigators in Knispel's department had stated it was wrong to hire Knispel because he was Caucasian and not Native American. Doc. 1 at ¶ 31. The complaint names as defendants Deb Haaland ("Haaland"), the Secretary of the United States Department of the Interior; Erica D. White-Dunston ("White-Dunston"), Esq., Director and Chief Diversity Officer at the United States Department of the Interior Office of Diversity; and Steven Giles ("Giles"), EEO Director, Bureau of Indian Affairs at the United States Department of the Interior.

The Defendants move the Court to dismiss as defendants White-Dunston and Giles for lack of personal jurisdiction. Docs. 10, 11. The Defendants also seek an order for Knispel to provide a more definitive statement by identifying the alleged discriminating officials and to clarify whether Knispel is alleging jurisdiction based upon the Rehabilitation Act for certain claims. Docs. 10, 11. In addition, the Defendants move to extend their time to answer under Federal Rule of Civil Procedure 12(a)(4) until after the Court rules on their motion. Docs. 10, 11.

Knispel responded, Doc. 12, and attached a copy of the 35-page Final Agency Decision from the DOI denying Knispel's EEO complaint, which Knispel contends shows that the Defendants know the names of the individuals referenced as "Assistant Special Agent in Charge #1," "Assistant Special Agent in Charge #2," "Assistant Special Agent in Charge #3," the "Deputy Associate Director," and "Supervisory Agent in Charge." Knispel has a point, but the 35-page Final Agency Decision itself does not contain the names and instead uses ASAC 1, 2, 3; RMO 1, 2, 3; and SAC as identifiers for individuals. Doc. 12-1. Knispel also argues that there was nothing wrong with naming White-Dunston and Giles as defendants alongside Secretary Haaland. Doc. 12. The Defendants replied reiterating their prior arguments. Doc. 13.

## II. Discussion

### A. Motion to Dismiss Defendants White-Dunston and Giles

Pursuant to Federal Rule of Civil Procedure 12(b)(2), the Defendants move to dismiss White-Dunston and Giles for lack of personal jurisdiction. Docs. 10, 11. Defendants contend the only properly named defendant is Deb Haaland, the DOI Secretary. Docs. 10, 11.

When a plaintiff charges discrimination against the federal government, the appropriate defendant is "the head of the department, agency, or unit[.]" 42 U.S.C. § 2000e-16(c); Warren v. Dep't of Army, 867 F.2d 1156, 1158 (8th Cir. 1989) (stating "section 2000e–16(c) requires a plaintiff to name as defendant the head of the appropriate department or the head of the appropriate agency"); Honeycutt v. Long, 861 F.2d 1346, 1349 (5th Cir. 1988) ("Under Title VII and the Rehabilitation Act the proper defendant is the head of the department, agency, or unit, as appropriate."). Knispel nonetheless argues that § 2000e-16(c) and case law do not prohibit him from naming other administrators besides the department or agency head. Knispel cites no authority supporting his proposition that a plaintiff may name as defendants other officials working

4

for a federal agency in a discrimination case of this nature. "Courts have consistently [held]. . . that in federal employment discrimination suits . . . the only proper defendant is the head of the department, agency or unit against which discrimination is alleged." Farrell v. U.S. Dep't of Just., 910 F. Supp. 615, 618 (M.D. Fla. 1995)). Therefore, Haaland as the Secretary of DOI is the only properly named defendant and Defendants' motion to dismiss White-Dunston and Giles is granted.

### B. Motion for More Definitive Statement

Defendants bring a motion pursuant to Federal Rule of Civil Procedure 12(e) requesting a more definitive statement. Docs. 10, 11. Specifically, the Defendants seek clarification regarding the unnamed persons alleged to have discriminated against Knispel and whether Knispel asserts federal jurisdiction for certain claims under the Rehabilitation Act. Docs. 10, 11. Knispel responds that it is unnecessary to name the alleged harassers because Defendants have knowledge of the identities of those named by pseudonym based on the Final Agency Decision letter. Docs. 12, 12-1.

Generally, all that Federal Rule of Civil Procedure Rule 8(a) requires of a complaint is "a short and plain statement of the claim showing that the pleader is entitled to relief," "a demand for the relief sought," and "the grounds for the court's jurisdiction." Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion for a more definite statement "must point out the defects complained of and the details desired" and "must be made before filing a responsive pleading[.]" Id. "If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Id.; see also McHenry v. Renne, 84 F.3d

1172, 1179 (9th Cir. 1996) ("[T]he judge may in his discretion, in response to a motion for more definite statement under Federal Rule of Civil Procedure 12(e), require such detail as may be appropriate in the particular case, and may dismiss the complaint if his order is violated.").

Generally disfavored by courts, such a motion is "not to be used to test the opponent's case by requiring him to allege certain facts or retreat from his allegations." Batten v. Fairway Cap. Recover, LLC, No. 2:12-CV-04224-NKL, 2012 WL 5866564, at *2 (W.D. Mo. Nov. 19, 2012) (cleaned up and citation omitted). Rule 12(e) "is intended to serve as a means to remedy unintelligible pleadings" rather than remedy an alleged lack of detail. Boswell v. Panera Bread Co., 91 F. Supp. 3d 1141, 1144 (E.D. Mo. 2015). Thus, "the only question is whether it is possible to frame a response[.]" Id.

Some people within DOI and BIA likely have enough information to decode the pseudonyms in the Complaint and in the Final Agency Decision. However, for Defendants to be sure that the answer is proper and for this Court's benefit, having Knispel substitute the actual names for the pseudonyms is helpful, and there appears to be no good reason to use pseudonyms anyway. By naming the individuals alleged to have taken discriminatory or retaliatory acts in the complaint, Knispel can reduce the potential for confusion in later filings. This Court grants Defendants' motion for a more definitive statement requiring Knispel to provide the actual names rather than pseudonyms in the Complaint for those he alleges harassed, discriminated or retaliated against him. See Cottier v. Schaeffer, No. CIV 11-4112-RAL, 2012 WL 400726, at *5 (D.S.D. Feb. 6, 2012) (dismissing complaint where the plaintiff failed to state "which defendants were involved in the alleged wrongdoing").

The Defendants' request for a more definitive statement regarding the allegation of jurisdiction under the Rehabilitation Act of 1973 is denied. As previously stated, a Rule 12(e)

6

motion is for the limited purpose of remedying unintelligible proceedings. It is not designed to "test [an] opponent's case" or cause a "retreat from ... allegations." Batten, No. 2:12-CV-04224-NKL, 2012 WL 5866564, at *2. Knispel invokes federal jurisdiction for his disability discrimination claim under the Rehabilitation Act of 1973. Doc. 1 at ¶ 49. Knispel claims federal jurisdiction under Title VII for discrimination based on race and reprisal. Doc. 1 at ¶ 48. If the Defendants wish to challenge jurisdiction, they may do so under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). See Taylor v. United States Postal Serv., No. 4:20-CV-01571-SEP, 2021 WL 105617, at *1 (E.D. Mo. Jan. 12, 2021) (rejecting Rule 12(e) motion for more definitive statement where defendant alleged a "lack of jurisdictional allegations" in the complaint); see also McHenry, 84 F.3d at 1179 (stating "a complaint is not defective for failure to designate the statute or other provision of law violated"). That being written, this Court would allow Knispel, as he substitutes actual names for pseudonyms in an Amended Complaint, to amend paragraphs 48 and 49 of his Complaint if he wishes to clarify the claimed jurisdictional basis of his claims.

### III. Conclusion

For the reasons explained above, it is hereby

ORDERED that the Defendants' Motion to Dismiss, Motion for More Definitive Statement and Motion for Extension of Time to Answer, Doc. 10, is granted in part and denied in part. It is further

ORDERED that Defendants White-Dunston and Giles are dismissed from the case. It is further

ORDERED that Knispel has 21 days from the entry of this order to file an amended complaint naming only Secretary Haaland as a defendant and substituting the actual names for "Assistant Special Agent in Charge #1," "Assistant Special Agent in Charge #2," "Assistant

7

Special Agent in Charge #3," the "Deputy Associate Director," and "Supervisory Agent in Charge." Knispel is granted leave to amend the jurisdictional allegations in Paragraphs 48 and 49 as well. It is finally

ORDERED that Defendant Haaland has 14 days after filing of the Amended Complaint to answer or otherwise respond to the Complaint.

DATED this 4th day of March, 2022.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE